C. Yong Jeong, Esq. (SBN 255244)
Ginni K. Todd, Esq.(SBN. 249515)
Alexander Diaz, Esq. (SBM. 254644)
Law Offices of Chan Yong Jeong
3435 Wilshire Blvd., Suite 1740
Los Angeles, California 90010
Tel. 213-388-6612
Fax. 213-388-6651
Email. Jeong@jeonglawfirm.com
Ginni@jeonglawfirm.com

Attorneys for Plaintiff Larry S. Poon

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| | |
|---|---|
| LARRY SIU-KEE POON, an individual, <br><br>Plaintiff, <br><br>vs. <br><br>NORTHROP GRUMMAN CORPORATION, a Delaware corporation; AON HEWITT NAVIGATORS INSURANCE SERVICES, INC. a.k.a. Aon Corporation and a.k.a. Aon Hewitt, a California corporation; STATE STREET BANK AND TRUST COMPANY, a Massachusetts corporation; DOES 1 through 10 <br><br>Defendants. | Case Number: **CV11 05420 JFW JCG** <br><br>**COMPLAINT FOR DAMAGES** <br><br><br><br><br><br>**Jury Trial Demanded** |

Plaintiff Larry Poon ("Plaintiff") by and through its undersigned attorneys, hereby prays to this honorable Court for relief and remedy based on the following:

## INTRODUCTION

Plaintiff is an individual residing in the State of California. Plaintiff has been enrolled in a pension plan that Northrop has been managing the said pension plan, called North Grumman Financial Security and Savings Program ("Plan"). Defendants including Hewitt and State Street

have owed fiduciary duties to Plan and Plan's customers ("Customers") including Plaintiff as they have had discretionary authority or discretionary responsibility and/or de facto control in the administration of the Plan. On or about May 24, 2010, the funds in the amount of $47,403.40 ("Lost Funds") in Plaintiff's account of the Plan have been withdrawn, that Plaintiff never authorized. ("Incident"). As soon as finding out about the said transfer, at 9 a.m. EST on May 26, 2010, Plaintiff immediately notified Northrop that he never authorized the said transfer. Plaintiff also reported about the transfer to the police on June 2, 2010.

Northrop did not finish its investigation about the transfer nor reimbursed the Lost Funds to Plaintiff within 10 days from the date of the first notice of Plaintiff on May 26, 2010. On July 6, 2010 and September 8, 2010, Plaintiff again sent letters to Northrop informing about the status and requesting for reimbursement of the Lost Funds. However, Northrop mailed to Plaintiff a notice about its conclusion of the investigation ("Investigation") Northrop conducted with Hewitt, only on December 10, 2010. Through the notice, Northrop informed Plaintiff that Northrop decided not to reimburse the Lost Funds. The notice indicated that Hewitt was in charge of security measures for protecting the Plan funds and investigating about the unauthorized transfers of Plaintiff's funds. Even after Plaintiff's appeal from the conclusion of the Investigation, none of the Defendants including Northrop reimbursed the Lost Funds to Plaintiff.

## JURISDICTION AND VENUE

1. This action arises under federal statutes including the Employee Retirement Income Security Act of 1974, Title 29 U.S.C., §1001 *et seq.* (ERISA) and Electronic Funds Transfers Act of 1978, Title 15 U.S.C., §1693 *et seq.* (EFTA).
2. This Court has federal question jurisdiction under 28 U.S.C. § 1331, and supplemental jurisdiction as to claims under the law of the State of California under 28 U.S.C. § 1367.
3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff is an individual residing in the County of Los Angeles, California.

**COMPLAINT FOR DAMAGES**

5. Plaintiff is informed and believes and thereon alleges that Defendant NORTHROP GRUMMAN CORPORATION ("Northrop") is, and at all times herein mentioned was, a corporation organized and existing under the laws of Delaware with its agent for services C T Corporation System at 818 W. Seventh St., Los Angeles, CA, providing pension benefit plan services to its customers including California residents such as Plaintiff.

6. Plaintiff is informed and believes and thereon alleges that Defendant AON HEWITT NAVIGATORS INSURANCE SERVICES, INC. a.k.a. Aon Corporation and a.k.a. Aon Hewitt ("Hewitt") is, and at all times herein mentioned was, a corporation organized and existing under the laws of California at 2730 Gateway Oaks Dr. Suite 100, Sacramento CA 95833.

7. Plaintiff is informed and believes and thereon alleges that Defendant STATE STREET BANK AND TRUST COMPANY ("State Street") is, and at all times herein mentioned was, a corporation organized and existing under the laws of Massachusetts with its agent for services C T Corporation System at 818 W. Seventh St., Los Angeles, CA.

8. Plaintiff is informed and believes and thereon alleges that some of Defendants Hewitt and State Street, and Defendants DOES 1 through 100, inclusive, are employees or independent contractors to Defendant Northrop, which DOE Defendants have owed to the Plan and its customers the duties to use reasonable efforts, and fiduciary duties, to properly manage, maintain, and/or take other reasonably necessary measures to protect the Plan for the best interest of the Plan customers including Plaintiff. The true names, whether corporate, individual or otherwise, and capacities of defendants sued herein as Does 1 through 100 are presently unknown to Plaintiff at this time, and therefore, Plaintiff sues said defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege their true names and capacities when the same have been ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of defendants designated as a DOE is responsible in some manner for the events alleged herein and the damages caused thereby.

9. Plaintiff is informed and believes and thereupon alleges that at all times relevant hereto

each of Defendants acted in concert with each other, was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently rarified and adopted, or both, each and all of the acts or conducts alleged, with full knowledge of all the facts and circumstances, including without limitation to full knowledge of each and every wrongful conducts and Plaintiff's damages caused therefrom.

## FIRST CLAIM FOR RELIEF

(For Breach of Fiduciary Duties under ERISA – Against all Defendants, and Each)

10. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth all of the allegations stated herein.

11. Under ERISA, Defendants have owed fiduciary duties to Plan and the Customers including Plaintiff as they have had discretionary authority or discretionary responsibility and/or de facto control in the administration of the Plan.

12. Plaintiff is informed and believes, and thereupon alleges that Defendants breached their fiduciary duties of care and loyalty by failing to; maintain proper security system for protecting the Customers' funds and information that are accessible online; follow industry standards of other financial institutions similarly situated, in maintaining the security system; take necessary measures after having similar incidents of unauthorized transfers of funds online causing damages to the Customers; provide proper disclosures to Customers including Plaintiff as required under ERISA and EFTA and other applicable laws; comply with requirements of EFTA in investigating Plaintiff's Incident by failing to conclude the Investigation or reimburse the Lost Funds within 10 days from the date of Plaintiff's notice thereof; and reasonably conduct the Investigation; as well as by making misrepresentations, or omitting to disclose material information, as to the status of Investigation and findings thereof.

13. As a direct and proximate result of Defendants' breach of fiduciary duties, the Plaintiff has been suffering special and general damages including substantial financial losses

including the Lost Funds.

14. The aforementioned conducts of Defendants were wanton, malicious, fraudulent, and oppressive, thereby depriving the Plaintiff of her trust and emotional well-being and was a despicable conduct that subjected the Plaintiff to unjust hardship in conscious disregard of the Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

## SECOND CLAIM FOR RELIEF

(For violations of EFTA – Against Northrop and Does 1-100)

15. The Plaintiff repeats and re-alleges all of the forgoing paragraphs of this Complaint, and incorporates by reference each and every allegation contained therein as though fully set forth herein.

16. On or about May 24, 2010, the funds in Plaintiff's account of the Plan have been withdrawn, that Plaintiff never authorized. As soon as finding out about the said transfer, at 9 a.m. EST on May 26, 2010, Plaintiff immediately notified Northrop that he never authorized the said transfer. Plaintiff also reported about the transfer to the police on June 2, 2010.

17. Northrop did not finish its investigation about the transfer nor reimbursed the Lost Funds to Plaintiff within 10 days from the date of the first notice of Plaintiff on May 26, 2010. On July 6, 2010 and September 8, 2010, Plaintiff again sent letters to Northrop informing about the status and requesting for reimbursement of the Lost Funds.

18. However, Northrop mailed to Plaintiff a notice about its conclusion of the investigation Northrop conducted with Hewitt, only on December 10, 2010. Through the notice, Northrop informed Plaintiff that Northrop decided not to reimburse the Lost Funds. The notice indicated that Hewitt was in charge of security measures for protecting the Plan funds and investigating about the Incident.

19. Plaintiff is informed and believes, and thereupon alleges that Northrop and other Doe Defendants to whom EFTA is applicable violated EFTA by failing to; provide proper disclosures to Customers including Plaintiff as required under EFTA; comply with requirements of EFTA in investigating Plaintiff's Incident by failing to conclude the

5
**COMPLAINT FOR DAMAGES**

Investigation or reimburse the Lost Funds within 10 days from the date of Plaintiff's notice thereof; and reasonably conduct the Investigation; as well as by making misrepresentations, or omitting to disclose material information, as to the status of Investigation and findings thereof.

20. As a proximate result of Northrop's violations of EFTA, the Plaintiff has suffered general and special damages including the Lost Funds.

21. The aforementioned conduct of Northrop was despicable conduct that subjected the Plaintiff to a cruel and unjust hardship in conscious disregard of the Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

## THIRD CAUSE OF ACTION

(For Negligence – Against all Defendants, and Each)

22. The Plaintiff repeats and re-alleges all of the forgoing paragraphs of this Complaint, and incorporates by reference each and every allegation contained therein as though fully set forth herein.

23. Defendants had a duty to comply with the applicable sections of EFTA, ERISA and other applicable laws, as well as reasonably maintain and protect the funds of Plan as they had such authority, discretion, control and/or responsibility.

24. Plaintiff is informed and believes, and thereupon alleges that Defendants breached their duties of reasonable care and complying with applicable laws by failing to; maintain proper security system for protecting the Customers' funds and information that are accessible online; follow industry standards of other financial institutions similarly situated, in maintaining the security system; take necessary measures after having similar incidents of unauthorized transfers of funds online causing damages to the Customers; provide proper disclosures to Customers including Plaintiff as required under ERISA and EFTA and other applicable laws; comply with requirements of EFTA in investigating Plaintiff's Incident by failing to conclude the Investigation or reimburse the Lost Funds within 10 days from the date of Plaintiff's notice thereof; and reasonably conduct the Investigation; as well as by making misrepresentations, or omitting to disclose material

information, as to the status of Investigation and findings thereof.

25. The above statutes were enacted to protect the public, including the Plaintiff, from incompetent maintenance of the Plan, which would cause serious harm to the Customers including the Plaintiff, and the public who may potentially be a customer.

26. The statutes were enacted to prevent the harm the Plaintiff has suffered. Defendants' acts as described above are a serious and continuing threat to the Plaintiff and the public. If Defendants are allowed to continue his wrongful acts, the Plaintiff and the public may suffer further injury, loss, and damage.

27. The Plaintiffs have suffered special and general damages including the Lost Funds and additional legal expenses due to the violations of the above statutes.

28. By violating the above statutes, Defendants breached his duties of reasonable care and complying with applicable laws.

29. As a direct, proximate, and foreseeable result of Defendants' breach of the above-said duties of reasonable care and complying with the applicable laws, Plaintiff has suffered special and general damages including the Lost Funds.

## FOURTH CLAIM FOR RELIEF

(For Breach of Fiduciary Duties – Against all Defendants, and Each)

30. The Plaintiff repeats and re-alleges all of the forgoing paragraphs of this Complaint, and incorporates by reference each and every allegation contained therein as though fully set forth herein.

31. Defendants have owed fiduciary duties to Plan and the Customers including Plaintiff as they have had discretionary authority or discretionary responsibility and/or de facto control in the administration of the Plan.

32. Plaintiff is informed and believes, and thereupon alleges that Defendants breached their fiduciary duties of care and loyalty by failing to; maintain proper security system for protecting the Customers' funds and information that are accessible online; follow industry standards of other financial institutions similarly situated, in maintaining the security system; take necessary measures after having similar incidents of unauthorized

COMPLAINT FOR DAMAGES

transfers of funds online causing damages to the Customers; provide proper disclosures to Customers including Plaintiff as required under ERISA and EFTA and other applicable laws; comply with requirements of EFTA in investigating Plaintiff's Incident by failing to conclude the Investigation or reimburse the Lost Funds within 10 days from the date of Plaintiff's notice thereof; and reasonably conduct the Investigation; as well as by making misrepresentations, or omitting to disclose material information, as to the status of Investigation and findings thereof.

33. As a direct and proximate result of Defendants' breach of fiduciary duties, the Plaintiff has been suffering special and general damages including substantial financial losses including the Lost Funds.

34. The aforementioned conducts of Defendants were wanton, malicious, fraudulent, and oppressive, thereby depriving the Plaintiff of her trust and emotional well-being and was a despicable conduct that subjected the Plaintiff to unjust hardship in conscious disregard of the Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

### FIFTH CAUSE OF ACTION

(For Fraud – Against all Defendants, and Each)

35. The Plaintiff repeats and re-alleges all of the forgoing paragraphs of this Complaint, and incorporates by reference each and every allegation contained therein as though fully set forth herein.

36. Plaintiff is informed and believes, and thereupon alleges that Defendants made misrepresentations, and omitted to disclose material information, to Plaintiff as to their failures to; maintain proper security system for protecting the Customers' funds and information that are accessible online; follow industry standards of other financial institutions similarly situated, in maintaining the security system; take necessary measures after having similar incidents of unauthorized transfers of funds online causing damages to the Customers; provide proper disclosures to Customers including Plaintiff as required under ERISA and EFTA and other applicable laws; and reasonably conduct the Investigation; as well as by making misrepresentations, or omitting to disclose material

8
**COMPLAINT FOR DAMAGES**

information, as to the status of Investigation and findings thereof.

37. Without knowing the above misrepresentations or omission to disclose, in reasonable reliance thereupon, Plaintiff has maintained his funds in the Plan, and after reporting about the Lost Funds, Plaintiff further wasted his time and resources with his reasonable expectation that the Investigation would be reasonably conducted.

38. Had he known about the above misrepresentations or omission to disclose, in reasonable reliance thereupon, Plaintiff would have not maintained his funds in the Plan, nor wasted his time and resources.

39. As a direct and proximate result of Defendants' misrepresentations and omission to disclose, the Plaintiff has been suffering special and general damages including substantial financial losses including the Lost Funds.

40. The aforementioned conducts of Defendants were wanton, malicious, fraudulent, and oppressive, thereby depriving the Plaintiff of her trust and emotional well-being and was a despicable conduct that subjected the Plaintiff to unjust hardship in conscious disregard of the Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

### SIXTH CAUSE OF ACTION

(For Unfair Competition – Against all Defendants, and Each)

41. The Plaintiff repeats and re-alleges all of the forgoing paragraphs of this Complaint, and incorporates by reference each and every allegation contained therein as though fully set forth herein.

42. The court has jurisdiction over this action pursuant to Business and Professions Code Section 17200 et seq. as Defendants conduct businesses in the State of California.

43. Plaintiff is informed and believes, and thereupon alleges that Defendants committed fraudulent, unlawful and unfair business practices by failing to; maintain proper security system for protecting the Customers' funds and information that are accessible online; follow industry standards of other financial institutions similarly situated, in maintaining the security system; take necessary measures after having similar incidents of unauthorized transfers of funds online causing damages to the Customers; provide proper
9
**COMPLAINT FOR DAMAGES**

disclosures to Customers including Plaintiff as required under ERISA and EFTA and other applicable laws; comply with requirements of EFTA in investigating Plaintiff's Incident by failing to conclude the Investigation or reimburse the Lost Funds within 10 days from the date of Plaintiff's notice thereof; and reasonably conduct the Investigation; as well as by making misrepresentations, or omitting to disclose material information, as to the status of Investigation and findings thereof.

44. Defendants actually and proximately caused damage to the Plaintiff. Defendants' unlawful, fraudulent, and unfair business conduct directly caused the Plaintiff's special and general damages including the Lost Funds. The Plaintiff is entitled to relief, including full restitution and/or compensation.

45. As a direct, proximate, and foreseeable result of Defendants' wrongful conducts as alleged above, Defendants business acts or practices have caused injury to the Plaintiff and the public; and Plaintiff's are entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits which may have been obtained by Defendants as a result of such business acts or practices.

46. The Plaintiff is informed and believes, and based thereon alleges, that Defendants' acts as described above are a serious and continuing threat to the Plaintiffs and the public. If the Defendants are allowed to continue his wrongful acts, the Plaintiff and the public will suffer further immediate and irreparable injury, loss, and damage.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against all Defendants as follows:

1. With respect to Each Claim for Relief
   a. That Plaintiff be awarded general/special damages including the Lost Funds in the amount of $47,403.40;
   b. That Plaintiff be awarded costs of litigation;
   c. That Plaintiff be awarded prejudgment interest;
   d. That Plaintiff be awarded such further legal and equitable relief as the Court deems

1     proper.

2  <u>2. In Addition to the above stated requests for damages, for the 1st and 2nd Causes of Action</u>

3     a. Reasonable attorney fees

4  <u>3. In Addition to the above stated requests for damages, for the 1st, 2nd , 4th and 5th Causes of</u>

5  <u>Action</u>

6     a. Punitive/exemplary damages

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury in this action pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment of the Constitution.

Dated: June 28, 2011

Respectfully submitted,

*[signature]*

C. Yong Jeong, Esq.
Attorneys for Plaintiff Larry S. Poon

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

**CV11- 5420 JFW (JCGx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Chan Yong Jeong (SBN255244)
Law Offices of Chan Yong Jeong
3435 Wilshire Blvd., Suite 1740
Los Angeles, CA 90010
Tel: (213)388-6612

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Larry Siu-Kee Poon, an individual<br><br>PLAINTIFF(S)<br>v.<br><br>Northrop Grumman Corporation, a Delaware corporation (see attached)<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV11  05420 JFW JCG**<br><br>SUMMONS |

TO:   DEFENDANT(S): _____
_____

   A lawsuit has been filed against you.

   Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _C. Yong Jeong (SBN255244)_, whose address is _Law Offices of Chan Yong Jeong, 3435 Wilshire Blvd. Ste 1740, Los Angeles, CA 90010_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  JUN 29 2011          By:   CHRISTOPHER POWERS
                                   Deputy Clerk

                                   (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

1181

## **ATTACHMENT A**

Larry Siu-Kee Poon, an individual,

Plaintiff,

        vs.

Northrop Grumman Corporation, a Delaware corporation; Aon Hewitt Navigators Insurance Services, Inc. a.k.a. Aon Corporation and a.k.a. Aon Hewitt, a California corporation; State Street Bank and Trust Company, a Massachusetts corporation; DOES 1 through 10

Defendants,

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Larry Siu-Kee Poon, an individual

**DEFENDANTS**
Northrop Grumman Corporation, a Delaware corporation; Aon Hewitt Navigators Insurance Services, Inc. aka Aon Corporation and aka Aon Hewitt, a California corporation; State Street Bank and Trust Company, a Massachusetts corporation; DOES 1 through 100

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Law Offices of Chan Yong Jeong
3435 Wilshire Blvd. Suite 1740, Los Angeles, CA 90010
Tel: (213)388-6612

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No          ☑ **MONEY DEMANDED IN COMPLAINT: $** TBD at trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Employee Retirement Income Security Act of 1974, Title 29 U.S.C., §1001 et seq. (ERISA), Electronic Funds Transfers Act of 1978, Title 15 U.S.C., §1693 et seq. (EFTA)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☑ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number:   **CV11   05420**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                       CIVIL COVER SHEET                                       Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff Larry Siu-Kee Poon - Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Defendant Aon Hewitt Navigators Insurance Services, Inc. - Los Angeles County | Defendant Northrop Grumman Corporation - Delaware<br>Defendant State Street Bank and Trust Company - Massachusetts |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All claims - Los Angeles county and other places that are unknown to plaintiff | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 6/28/2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |